<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DEAN-CI ROGERS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JOSELITE PEREZ d/b/a PATERSON POLICE DEPARTMENT,<br><br>　　　　　Defendant. | Civil Action No. 25-1215 (SDW) (LDW)<br><br>**WHEREAS OPINION**<br><br>March 18, 2025 |

　　　**THIS MATTER** having come before this Court upon *pro se* Plaintiff Dean-Ci Rogers's ("Plaintiff") Complaint (D.E. 1 ("Compl.")) and accompanying application to proceed *in forma pauperis* (D.E. 1-3), and this Court having reviewed the Complaint for sufficiency pursuant to Federal Rule of Civil Procedure 8(a) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and

　　　**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(a)(1), (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

　　　**WHEREAS** Plaintiff's application to proceed *in forma pauperis* sufficiently demonstrates that Plaintiff cannot pay the filing fee because he presently has no income sources and limited assets. (D.E. 1-1 at 1–5.) *See* 28 U.S.C. § 1915(a)(1); and

**WHEREAS** Plaintiff's Complaint appears to allege that his due process rights were violated by a Paterson police officer on December 16, 2022 when his truck was improperly ticketed and seized. (Compl. at 3.); and

**WHEREAS** pursuant to Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). The complaint must apprise the defendant with "fair notice of what the claim is and the grounds upon which it rests," containing "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).; and

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); and

**WHEREAS** Plaintiff's Complaint fails to provide a clear statement of what his claims are, and the factual bases for them, such that the facts contained are insufficient to support a claim entitling Plaintiff to relief. *See* Fed. R. Civ. P. 8(a)(2); and

**WHEREAS** this Court can infer that Plaintiff intends to bring an action under 42 U.S.C. § 1983 alleging deprivation of his constitutional rights; and

**WHEREAS** the statute of limitations for claims under 42 U.S.C. § 1983 is two years. *See O'Connor v. City of Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006); and

**WHEREAS** a court may sua sponte raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent on the face of the complaint. *See Johnstone*

*v. United States*, 980 F. Supp. 148, 154 (E.D. Pa. 1997) ("When a complaint on its face shows that the action was filed outside of the applicable limitations period, and the court has satisfied itself that no legal rule tolls or otherwise abrogates the limitations period, sua sponte dismissal is appropriate under § 1915."); and

**WHEREAS** Plaintiff alleges that the relevant conduct occurred on December 17, 2022. While Plaintiff alleges that the officer held the ticket for 20 days after issue which prevented him from filing a tort claim in the proper time, this Court fails to see how a 20-day delay is relevant when Plaintiff filed the action on February 10, 2025, which is 55 days after the statute of limitations expired on December 17, 2024; therefore

Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and Plaintiff's Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff will be given thirty days to amend his Complaint; failure to do so may result in the matter being dismissed with prejudice. An appropriate order follows.

*/s/ Susan D. Wigenton*
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:     Clerk
cc:       Parties
          Leda D. Wettre, U.S.M.J.